IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUBA CLAYTON,

    Plaintiff,

v.                                                                          Civ. No. 03-1065 RLP/RHS

UNUM PROVIDENT CORPORATION, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the court on Plaintiff's Motion and Memorandum in Support of Motion, to Remand to State District Court ("Motion). Plaintiff filed suit in state court claiming that her insurer had improperly classified her impairment as a mental, rather than a physical, disability resulting in the premature cessation of benefits. She claims sums due presently and in the future. In addition to her breach of contract claim, she alleges breach of the implied covenant of good faith and fair dealing, negligence, and violations of two state law acts which allow treble damages and attorney's fees to the successful plaintiff. *See* N.M.S.A. (1978) §§ 59A-16-1, *et seq.* (Unfair Insurance Practices Act); N.M.S.A. (1978) §§ 57-12-1 *et seq.* (Unfair Practices Act). In accordance with New Mexico law, she alleged no monetary damages in the complaint.

    Pursuant to 28 U.S.C. §§ 1332 and 1441(a), Defendants removed the case to federal court based on diversity of citizenship and alleged without elaboration that the jurisdiction amount of $75,000 had been met. Plaintiff seeks remand, claiming the Joint Notice of Removal ("Notice") is deficient and that the $75,000 amount has not been set forth in sufficient detail to confer jurisdiction to this court.

When a diversity action originates in state court, "a presumption exists against removal jurisdiction." *Varela v. Wal-Mart Stores*, 86 F. Supp.2d 1109, 1111 (D.N.M. 2000) (Baldock, Circuit Judge) (citations omitted). "Because of the presumption against removal jurisdiction, the burden is on the party requesting removal to establish that the amount in controversy exceeds $75,000." *Id*. When the complaint fails to specify an amount sought, "a defendant requesting removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id*. This showing must be made in the Notice of Removal; counsel's arguments in memoranda of law are insufficient. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) 1291 & n.4; *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995); *Herber v. Wal-Mart*, 886 F. Supp. 19 (D. Wyo. 1995).

Defendants' Notice provides in pertinent part that if Plaintiff were to prove entitlement to "the maximum additional benefits available under the policy at issue," that amount exceeds $75,000. ¶ 8. The support for this statement is the Affidavit of William Bradley, a Senior Consultant employed by Defendant UNUM Provident Corporation, which states at ¶ 3 of his Affidavit: "If [Plaintiff] were to prevail on her claim for continuing disability benefits through the age of retirement under the policy in question, she would receive benefits in excess of the $75,000 jurisdictional limits of this Court." Exhibit C to Notice.

Defendants note that the two Acts referenced provide for treble damages and attorney's fees. ¶ 9. "Based on [Plaintiff's] claim for past due benefits and treble damages, [Plaintiff] clearly is seeking damages in an amount above the jurisdictional

2

amount of $75,000." ¶ 10. Finally, Defendants attach as Exhibit A to the Notice the "Court-Annexed Arbitration Certificate," signed by Plaintiff's counsel, that she seeks in excess of $25,000, exclusive of punitive damages, interest, costs and attorney fees. Exhibit A.

In response, Plaintiff argues that Defendant improperly included *all* installments under her disability policy, past and future. The general rule is that for an installment contract, only the payments accrued at the time of filing the complaint are at issue, because "[n]o controversy exists in this action as to any disability payments under the contract in the future. The insurance company may or may not decline to pay them, and facts occurring subsequent to the filing of this action may completely justify its refusal to make future monthly payments even though the result of this action obligates it to pay those already accrued. . . ." 14B C. A. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3710 at 261 (1998) (quoting *Button v. Mutual Life Ins. Co. of New York*, 48 F. Supp. 168, 171 (D. Ky. 1943)). *See New York Life Ins. Co. v. Viglas*, 297 U.S. 672, 678-79 (1936); *Bowman v. Iowa State Travelers Mut. Ass. Co.*, 449 F. Supp. 60, 61 (D. Ok. 1978).

Defendants counter this argument by saying that Plaintiff has also sought relief under two New Mexico statutes, both of which provide treble damages and attorney's fees. The past due benefits due at the time of filing the complaint are, according to Plaintiff, $19,154.28.[1] Reasonable attorney fees, Defendants suggest, would be approximately

---

[1] Defendants calculated the amount to be $27,089.91, which is present value using a rate of 5 per cent. As correctly noted by Plaintiff, 28 U.S.C. § 1332(a) provides that the amount is "exclusive of interest and costs."

$9,000.00. Adding together those two amounts, the total is somewhat less than $67,000, which is less than the $75,000 required. This calculation, of course, assumes all of Plaintiff's past due benefits would be subject to trebling, which is not a foregone conclusion. *See Martin*, 251 F.3d at 1290-91; *Anver v. UNUM Provident Corp.*, 2001 WL 1013166, *3 (D. Kan. 2001) (unpublished opinion). After reviewing the parties' submissions and the case law, the court finds that Defendants' Notice is facially deficient and the case is remanded to state court.

    IT IS THEREFORE ORDERED that Plaintiff's Motion and Memorandum in Support of Motion, to Remand to State District Court [Doc. 7] is granted and the Clerk of the Court is directed to close the case and return all files to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

    IT IS SO ORDERED.

                                                     Richard L. Puglisi  
                                               United States Magistrate Judge  
                                                   (sitting by designation)